UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JARLIN RENTERIA VALENCIA (1),<br>EDWIN CAMPAZ ARROYO (2),<br>JAIME VALENCIA OBREGON (3),<br><br>Defendant. | Case No. 20-cr-02452-JLS<br><br>ORDER GRANTING JOINT MOTION TO CONTINUE MOTION HEARING AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT |

The Court hereby FINDS AS FOLLOWS:

1. Defendants are scheduled to appear for motion hearing / trial setting on OCTOBER 30, 2020 at 1:30 p.m.

On March 17, 2020, the Chief Judge issued Order of the Chief Judge (OCJ) 18, declaring a judicial emergency for a period of 30 days under 18 U.S.C. § 3174 and setting forth Emergency Orders for the Southern District of California due to the COVID-19 public health emergency. That Order was subsequently amended and modified by OCJs 18-A and 22. On April 2, 2020, the Judicial Council of the Ninth Circuit ratified the judicial emergency declared in OCJ 18, and extended it for an additional period of up to one year. The Chief Judge has subsequently extended the Emergency Orders four times with OCJs 24 (April 15, 2020), 27 (May 15, 2020), 30 (June 11, 2020), 33 (July 14, 2020), and most recently 34 (August 14, 2020) respectively seven times with OCJs 24 (April 15, 2020), 27 (May 15, 2020), 30 (June 11, 2020), 33 (July 14, 2020), 34 (August 14, 2020), 40 (September 14, 2020), and most recently 47 (October 14, 2020) respectively. These Orders, which are hereby incorporated by reference, were imposed based on (1) the state of emergency declared in response to the spread of the coronavirus (COVID-19), (2) the restrictions on public gatherings recommended by the Centers for Disease Control and

Prevention, (3) the lack of a quorum of grand jurors during the period of national emergency, and (4) restrictions on attorney visits imposed at the Metropolitan Correctional Center and other detention facilities. In light of the public health restrictions and in order to protect public safety and prevent the spread of the COVID-19 outbreak, the Court declared a judicial emergency under 18 U.S.C. § 3174 and continued or suspended all jury trials, trial-specific deadlines and other criminal proceedings, including sentencings, supervised release revocation hearings, motion hearings, arraignments, plea hearings, misdemeanor bench trials, and all proceedings under Federal Rule of Criminal Procedure 5.1, until September 14, 2020.

3. Given the grave public-health concerns discussed in Order of the Chief Judge Nos. 18, 24, 27, 30, 33, 34, 40, and 47, the ends of justice served by a continuance in this case outweigh the best interest of the public and defendant in a speedy trial.

4. Failure to grant the continuance would be likely to make a continuation of the proceeding impossible or result in a miscarriage of justice.

5. Failure to continue the case would also likely put counsel, parties, witnesses, and Court personnel at unnecessary risk.

6. Due to the restrictions imposed by current public-health concerns it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.  Thus, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Accordingly, the Court finds that there are facts that support a continuance of the trial date or hearing date in this matter, and good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The motion hearing / trial setting in this matter is continued from October

30, 2020 at 1:30 p.m. to January 15, 2021 at 1:45 p.m.

2. The time period of October 30, 2020 to January 15, 2021, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(B)(iv).

3. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

Dated: October 27, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge