# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>JARLIN RENTERIA VALENCIA (1),<br><br>  Defendant. | Case No.: 20CR2452-JLS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(2)** |

Pending before the Court is Defendant Jarlin Renteria Valencia's *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 72). For the reasons set forth below, the Court must deny Defendant's request for a sentence reduction.

**Background**

On February 19, 2021, Defendant Valencia pled guilty to one count of possession of cocaine with intent to distribute on board a vessel in violation of 46 U.S.C. § 70503 and 18 U.S.C. § 2. On August 27, 2021, Defendant was sentenced by this Court to a term of 47 months' imprisonment and 5 years of supervised release. Although the offense involved 92.4 kilograms of cocaine and carried a mandatory term of imprisonment of 10 years, Defendant satisfied the statutory and guideline "safety valve" provisions which allowed the Court to sentence below the mandatory minimum range. Defendant's base offense level was calculated pursuant to plea agreement and USSG §§ 2D1.1(a) and (c) as a level

34. After recommending departures for safety valve and acceptance of responsibility, the Government sought a sentence of 84 months, 3 months less than the low end of the guideline range of 87-108 months. In arriving at its sentence of 47 months, this Court fully considered the factors warranting departures and variances presented by Defendant through counsel, although the Court did not ultimately agree that the 27-month sentence urged by Defendant was sufficient given the nature and severity of the offense.

## Analysis

A federal court generally "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010), quoting 18 U.S.C. § 3582(c). An exception to this rule exists "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Id.,* 18 U.S.C. § 3582(c)(2). Here, Defendant contends that a reduction of his sentence is warranted under this provision because he is a deportable alien not eligible for First Step Act time credits, CARES Act home confinement, RDAP, halfway house placement, designation to an institution 500 miles from his release address, and home confinement. None of these forms of relief, however, result from a sentencing guideline range that has been lowered by the Sentencing Commission subsequent to Defendant's sentencing.

In this case, Sections 2D1.1(a) and (c) of the Sentencing Guidelines established Defendant's base offense level of 34 according to the type and weight of the drug involved in the offense, which was 92.4 kilograms of cocaine. These guideline provisions have not been amended subsequent to August 27, 2021, the date of Defendant's sentencing hearing. Thus, the base offense level applied at Defendant's sentencing hearing is the same as it would be if calculated today. The provisions of 18 U.S.C. § 3582(C)(2) are simply not applicable in this case, therefore the Court lacks authority to modify the sentence imposed.

///

///

///

**Conclusion**

For the reason set forth above, Defendant's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) is DENIED.

IT IS SO ORDERED.

Dated: December 16, 2022

Hon. Janis L. Sammartino
United States District Judge